2011 JAN -5 A 10:47

CHRISTOPHER JOHN SUPANCHICK AND KURSTIN MARIE SUPANCHICK * NUMBER: 135009

VERSUS * 26TH JUDICIAL DISTRICT COURT

MOSES N. WILLIAMS, JR, HUNT BUILDING COMPANY, LTD., ZURICH AMERICAN INSURANCE COMPANY, GERALD R. WOODARD, PERRY MANAGEMENT CORPORATION OF SOUTH DAKOTA, LLC,AND ABC INSURANCE CO., JOINTLY, SEVERALLY, AND SOLIDO * BOSSIER PARISH, LOUISIANA

DIV. E. - BOLIN

PERMANENT ASSIGNMENT: * SECTION:

**PETITION FOR DAMAGES**

The petition of Christopher John Supanchick and Kurstin Marie Supanchick, who reside and are domiciled in Wellington, Colorado, respectfully represent:

1.

The following parties, made defendants herein, are justly and legally indebted unto petitioners, Christopher John Supanchick and Kurstin Marie Supanchick, jointly, severally, and in solido, in the amounts for damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for the reasons and cause of action hereinafter stated:

(a) Moses N. Williams, an individual of the full age of majority, who resides and may be served at 748 Ladon Street, Haughton, Louisiana;

(b) Hunt Building Company, Ltd., a foreign company authorized to do and doing business in the State of Louisiana, which may be served through their registered agent, Capital Corporate Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, LA 70809;

(c) Zurich American Insurance Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana, which may be served through its agent for

FILED
JAN - 5 2011
Sara E Carroll
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

EXHIBIT 1

135009

service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

(d) Gerald R. Woodard, an individual of the full age of majority, who, at the time of the collision complained of herein resided at Value Place Apartments at 2275 Old Minden Road, Bossier City, Louisiana 71112, who may now be served at 62 Road, Clovis, New Mexico 88101, pursuant to **Louisiana Long Arm Statute LSA-R.S. 13:3201, et seq;**

(e) Perry Management Corporation of South Dakota, LLC, a foreign corporation not authorized to do, but doing business within the State of Louisiana, with its principal place of business at 1585 Hau Street, #201, Honolulu, Hawaii 96817-4973, who may be served pursuant to **Louisiana Long Arm Statute LSA-R.S. 13:3201, et seq;** and

(f) ABC Insurance Company.

2.

At all times mentioned herein:

(a) Christopher John Supanchick, an individual of the full age of majority, was the owner/operator of the 2000 Ford Mustang, bearing Rhode Island license number ZA-471;

(b) Moses N. Williams, an individual of the full age of majority, was the permissive operator of the 2007 Ford Truck bearing Louisiana license number X479844, while employed by and acting within the course and scope of his employment with and on a mission for Hunt Building Company, Ltd.;

(c) Hunt Building Company, Ltd., was the owner of the 2007 Ford Truck bearing Louisiana license number X479844,

135009

described above and employer of the defendant, Moses N. Williams;

(d) Zurich American Insurance Company was the commercial liability insurance carrier of Hunt Building Company, Ltd., covering the 2007 Ford Truck, described above;

(e) Gerald R. Woodard, an individual of the full age of majority, was the permissive operator of the garbage truck bearing while employed by and acting within the course and scope of his employment with Perry Management Corporation of South Dakota, LLC;

(f) Perry Management Corporation of South Dakota, LLC, was the owner of the garbage truck described above and the employer of defendant, Gerald R. Woodard; and

(g) ABC Insurance Company was the commercial liability insurance carrier of Perry Management Corporation of South Dakota, LLC, covering the garbage truck, described above;

3.

The damages for which recovery is sought herein resulted from a motor vehicle accident that occurred on or about September 16, 2010, at approximately 12:50 p.m. on Range Road located on the premises of Barksdale Air Force Base located in Bossier Parish, Louisiana.

4.

At the time and place and under the circumstances aforesaid, petitioner, Christopher John Supanchick, was traveling west on Range Road when defendant, Gerald R. Woodard, suddenly made a right turn from Gate 34 on to Range Road traveling east in front of defendant, Moses N. Williams, and causing defendant, Moses N. Williams, to swerve from his lane of travel into the oncoming westbound lane of

135009

Range Road in which petitioner was traveling, and struck petitioner's vehicle head-on, causing the accident, injuries and damages herein.

5.

Petitioners, Christopher John Supanchick and Kurstin Marie Supanchick, were free of any negligence and did not contribute to the cause of this accident in any way.

6.

Petitioners herein show that the collision and resulting damages were caused by the negligence of the said Gerald R. Woodard, in the following non-exclusive particulars:

(a) Failure to operate his vehicle in a careful and prudent manner;

(b) Failure to yield to oncoming traffic;

(c) Failure to observe and react to traffic;

(d) Failure to obey Louisiana Statutory Laws; and

(e) For other acts and omissions to be shown at trial hereof.

7.

Petitioners herein show that the collision and resulting damages were caused by the strict and vicarious liability of the said Perry Management Corporation of South Dakota, LLC, as the employer of defendant, Gerald R. Woodard, who was acting in the course and scope of his employment at the time of this accident.

(a) As the employer of Gerald R. Woodard, who was acting in the course and scope of his employment and on a mission for said employer at the time of the collision;

(b) Failure to properly supervise and train Gerald R. Woodard in safe truck driving operations;

(c) Failure to enforce company safety policies and procedures; and

(d) Other acts and omissions to be shown at trial hereof.

135009

8.

In the alternative, at the time and place described in paragraph 3, above, Petitioner, Christopher John Supanchick, was traveling west on Range Road when defendant, Moses N. Williams, failed to maintain control of his truck and for unknown reasons swerved from his lane of travel into the oncoming westbound lane of Range Road and struck petitioner's vehicle, head-on, causing the accident, injuries and damages herein.

9.

Petitioner herein shows that the collision and resulting damages were caused by the negligence of the said Moses N. Williams, in the following non-exclusive particulars:

(a) Failure to keep a vehicle driven by him under control;

(b) Failure to operate his vehicle in a careful and prudent manner;

(c) Failure to observe and react to traffic;

(d) Traveling into the oncoming lane;

(e) Failure to see what should have been seen, i. e., petitioner's vehicle;

(f) Failure to obey Louisiana Statutory Laws; and

(g) For other acts and omissions to be shown at trial hereof.

10.

Petitioner herein shows that the collision and resulting damages were caused by the strict and vicarious liability of the said Hunt Building Company, Ltd., as the employer of Moses N. Williams, who was acting in the course and scope of his employment at the time of this accident.

(a) As the employer of Moses N. Williams, who was acting in the course and scope of his employment and on a mission for said employer at the time of the collision;

135009

(b) Failure to properly supervise and train Moses N. Williams in safe truck driving operations;

(c) Failure to enforce company safety policies and procedures; and

(d) Other acts and omissions to be shown at trial hereof.

11.

In the further alternative, at the time and place described in Paragraph 3, above, petitioner, Christopher John Supanchick, was traveling west on Range when defendant, Moses N. Williams, traveling eastbound on Range Road, at a speed which was unsafe under all of the circumstances, observed defendant, Gerald R. Woodard, enter Range Road from Gate 34 Road, at a time in which he was too close to stop his vehicle and instead was forced to swerve into the westbound lane of Range Road, in order to avoid colliding with the slow moving Woodard vehicle, where upon he struck the Supanchick vehicle.

12.

Petitioners herein show that the collision and resulting damages were caused by the joint negligence of Moses N. Williams and Gerald R. Woodard, in the following non-exclusive particulars:

(a) Failure to operate their vehicle in a careful and prudent manner;

(b) Failure to yield to oncoming traffic;

(c) Failure to observe and react to traffic;

(d) Failure to obey Louisiana Statutory Laws; and

(e) For other acts and omissions to be shown at trial hereof.

13.

Prior to the accident complained of herein, Zurich American Insurance Company, issued Hunt Building Company, Ltd., a commercial liability insurance policy insuring them and their employees against any liability for negligence in the operation of a motor vehicle. Said Moses N. Williams was an employee of Hunt Building

135069

Company, Ltd. and said policy of insurance being in full force and effect at the time of the accident complained of herein.

14.

Prior to the accident complained of herein, ABC Insurance Company, issued to Perry Management Corporation of South Dakota, LLC, a commercial liability insurance policy insuring them and their employees against any liability for negligence in the operation of a motor vehicle. Said Gerald R. Woodard was an employee of Perry Management Corporation of South Dakota, LLC, and said policy of insurance being in full force and effect at the time of the accident complained of herein.

15.

As a result of the aforesaid collision petitioner, Christopher John Supanchick, suffered and continues to suffer pain, mental anguish and distress, as a result of the injuries he sustained in said accident including, but not limited to concussion, laceration of forehead, stiffness, and lumbar pain and stiffness, fracture of right patella, fracture of left ulna requiring surgical repair and which will result in future disfigurement and residual disability.

16.

Petitioner, Christopher John Supanchick, has sustained such damages as are reasonable in the premises, including, but not limited to past and future medical expenses, medical report charges, property damage, loss of use of his vehicle, lost wages, loss of earnings capacity, past, present and future pain and suffering, and past, present and future mental anguish and distress, as a result of the above-described accident.

17.

At the time of the subject accident, petitioner, Kurstin Supanchick, was and remains the wife of petitioner, Christopher John Supanchick. The incident of September 16, 2010, has greatly impacted the marital relationship between the petitioners,

135009

including their normal every day life and has caused petitioner, Kurstin Marie Supanchick, to suffer and continue to suffer a loss of consortium, services and society, as set forth in La. C. C. 2315; and she is thereby entitled to damages therefore.

18.

The value of each of the individual claims being asserted by the plaintiffs is more than $50,000.00, the jurisdictional amount required for trial by jury.

19.

Petitioners show that it will be necessary to call expert witnesses at the trial of this matter, and that the fees of such witnesses should be set by the Court and should be taxed as costs of this suit against defendants.

WHEREFORE, PETITIONERS PRAY that defendants, Moses N. Williams, Hunt Building Company, Ltd., Zurich American Insurance Company, Gerald R. Woodard, Perry Management Corporation of South Dakota, LLC, and ABC Insurance Company, be duly cited to appear and answer this petition, and that each be served with a copy hereof;

That after necessary legal delays and due proceedings had, there would be judgment therein in favor of petitioners, Christopher John Supanchick and Kurstin Marie Supanchick, and against the defendants, Moses N. Williams, Hunt Building Company, Ltd., Zurich American Insurance Company, Gerald R. Woodard, Perry Management Corporation of South Dakota, LLC, and ABC Insurance Company, for such damages as are reasonable in the premises, including, but not limited to past and future medical expenses, medical report charges, property damage, loss of vehicle use, lost wages, loss of earnings capacity, past, present and future pain and suffering, and past, present and future mental anguish and distress, loss of consortium, services and society, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings;

135009

That an order be issued herein directing the defendant, Zurich American Insurance Company, to produce and file into the record of this cause a certified copy of the public liability insurance policy issued to Hunt Building Company, Ltd., said policy being in full force and effect at the time of the accident described herein;

That an order be issued herein directing the defendant, Zurich American Insurance Company, to produce and file a copy of any written statement signed or otherwise adopted or approved by any plaintiff or any stenographic, mechanical, electrical, or other recording or transcription thereof which is a substantially verbatim recital of an oral statement contemporaneously recorded made by any plaintiff to defendants, their attorneys, or anyone acting on their behalf;

That an order be issued herein directing the defendant, ABC Insurance Company, to produce and file into the record of this cause a certified copy of the public liability insurance policy issued to Perry Management Corporation of South Dakota, LLC, said policy being in full force and effect at the time of the accident described herein;

That an order be issued herein directing the defendant, ABC Insurance Company, to produce and file a copy of any written statement signed or otherwise adopted or approved by any plaintiff or any stenographic, mechanical, electrical, or other recording or transcription thereof which is a substantially verbatim recital of an oral statement contemporaneously recorded made by any plaintiff to defendants, their attorneys, or anyone acting on their behalf;

That the fees of expert witnesses be set by the Court and taxed as costs of this suit against defendants;

For all costs of this suit, and for full, general and equitable relief for all orders and decrees necessary and proper in the premises.

135009

Respectfully Submitted,

RICE & KENDIG

William F. Kendig - Bar No. 17644
J. Marshall Rice – Bar No. 28980
M. Carl Rice – Bar No. 11217
1030 Kings Highway
Shreveport, Louisiana 71104
Telephone No.: 318-222-2772
Facsimile No.: 318-222-2770

ATTORNEYS FOR PETITIONERS

**PLEASE SERVE:**

Gerald R. Woodard
62 Ute Road
Clovis, New Mexico 88101
**Pursuant to the Louisiana Long Arm Statute**

Moses N. Williams
748 Ladon Street
Haughton, Louisiana 71037

Hunt Building Company, Ltd.
Through its registered agent:
Capitol Corporation Services, Inc.
8550 United Plaza Building, II, Suite 305
Baton Rouge, Louisiana 70809

Zurich American Insurance Company
Through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Perry Management Corporation of South Dakota, LLC
1585 Hau Street, #201
Honolulu, Hawaii 96817-4973
**Pursuant to the Louisiana Long Arm Statute**